**Leinart Law Firm**
10670 N Central Expwy
Suite 320
Dallas, TX 75231

Bar Number: 00794156
Phone: (469) 232-3328

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | | |
|---|---|---|---|---|
| In re: **Carroll James LeBouef, III** | xxx-xx-5878 | § | Case No: | **20-43914-mxm-13** |
| 2130 Shoreline Drive | | § | | |
| Flower Mound, TX 75022 | | § | Date: | **1/28/2021** |
| | | § | Chapter 13 | |
| | | § | | |
| **Challis Lee LeBouef** | xxx-xx-3862 | | | |
| 2130 Shoreline Drive | | | | |
| Flower Mound, TX 75022 | | | | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions*.

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☑ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

| | | | |
|---|---|---|---|
| Plan Payment: | **Variable** | Value of Non-exempt property per § 1325(a)(4): | **$122,978.43** |
| Plan Term: | **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: | **$247,850.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: | **36 months** | | |

Case No:   20-43914-mxm-13
Debtor(s):   **Carroll James LeBouef, III**
         **Challis Lee LeBouef**

---

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.  Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 7/1/17**

**A.  PLAN PAYMENTS:**

 *Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

 **$500.00**   per month, months   **1**   to   **1**   .
 **$2,300.00**   per month, months   **2**   to   **2**   .
 **$4,225.00**   per month, months   **3**   to   **60**   .

 For a total of   **$247,850.00**   (estimated "*Base Amount*").

 First payment is due   **1/30/2021**   .

 The applicable commitment period ("ACP") is   **36**   months.

 Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is:   **$0.00**   .

 The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than:
 **$0.00**   .

 *Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than:
 **$122,978.43**   .

**B.  STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

 **1.  CLERK'S FILING FEE:**   Total filing fees paid through the *Plan*, if any, are   **$0.00**   and shall be paid in full prior to disbursements to any other creditor.

 **2.  STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**   *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

 **3.  DOMESTIC SUPPORT OBLIGATIONS:**   The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

**C.  ATTORNEY FEES:** To _____**Leinart Law Firm**_____ , total:   **$3,700.00**   ;
 **$1,500.00**   Pre-petition;   **$2,200.00**   disbursed by the *Trustee*.

Case No:   20-43914-mxm-13
Debtor(s):   **Carroll James LeBouef, III**
             **Challis Lee LeBouef**

### D.(1) <u>PRE-PETITION MORTGAGE ARREARAGE:</u>

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Wells Fargo Home Mortgage** **2130 Shoreline Drive Flower Mound, TX 7** | **$16,684.28** | **12/1/20** | **0.00%** | **Month(s) 1-34** | **Pro-Rata** |

### D.(2) **CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| **Wells Fargo Home Mortgage** **2130 Shoreline Drive Flower Mound, TX 75022** | **59 month(s)** | **$1,437.16** | **3/1/21** |

### D.(3) <u>POST-PETITION MORTGAGE ARREARAGE:</u>

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| **Wells Fargo Home Mortgage** **2130 Shoreline Drive Flower Mound, TX 7** | **$2,874.32** | **1/1/21 and 2/1/21** | **0.00%** | **Month(s) 1-34** | **Pro-Rata** |

### E.(1) <u>SECURED CREDITORS - PAID BY THE TRUSTEE:</u>

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| | | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Denton County Tax Assessor** **2171 Shoreline Drive, Flower Mound, TX** | **$6,657.89** | **$165,000.00** | **12.00%** | | **Pro-Rata** |
| **Denton County Tax Assessor** **2129 Shoreline Drive, Flower Mound, TX** | **$8,598.90** | **$200,000.00** | **12.00%** | | **Pro-Rata** |
| **Denton County Tax Assessor** **Shoreline Drive, Flower Mound, TX 75022** | **$2,806.96** | **$133,588.00** | **12.00%** | | **Pro-Rata** |
| **William Ochiltree** **2171 Shoreline Drive Flower Mound, TX 7** | **$7,454.70** | **$7,454.70** | **0.00%** | | **Pro-Rata** |
| **William Ochiltree** **2129 Shoreline Drive Flower Mound, TX 7** | **$9,939.70** | **$9,939.70** | **0.00%** | | **Pro-Rata** |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object.  In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

Case No:   20-43914-mxm-13
Debtor(s):   **Carroll James LeBouef, III**
            **Challis Lee LeBouef**

## E.(2)  SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| **Mobility Credit Union** **2014 Land Rover Range Rover Sport** | **$14,602.00** | **4.50%** | | **Pro-Rata** |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

## F.   SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*.  If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed.  However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

## G.   SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **Denton County Tax Assessor** | **2130 Shoreline Drive Flower Mound, TX 75022** | **$4,838.25** |
| **Diamond Banc 2 LLC** | **Pre Owned Rolex, Versace Earrings and Diamond Rin** | **$2,160.00** |
| **Diamond Banc 2 LLC** | **Solitaire Ring 14k, Diamond Stud Earrings** | **$4,260.00** |
| **William Ochiltree** | **2171 Shoreline Drive Flower Mound, TX 75022** | **$120,090.60** |
| **William Ochiltree** | **2129 Shoreline Drive Flower Mound, TX 75022** | **$168,231.70** |

Case No: 20-43914-mxm-13
Debtor(s): **Carroll James LeBouef, III**
**Challis Lee LeBouef**

## H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

## I. SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

_____

## J. UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **1st Natl B** | $0.00 | |
| **Advancial** | $48,527.00 | |
| **AFJ Systems Inc** | $0.00 | |
| **Amex** | $29,497.00 | |
| **Amex** | $4,882.00 | |
| **Amex** | $0.00 | |
| **Amex** | $0.00 | |
| **AT&T Universal** | $20,567.51 | |
| **Bank of America** | $57,953.00 | |
| **Bank of America** | $0.00 | |
| **Capital One Auto Finance** | $0.00 | |
| **Carter Federal Credit Union** | $33,650.00 | |
| **Chase Auto Finance** | $0.00 | |
| **Citi/cbna** | $0.00 | |
| **Citi/cbna** | $0.00 | |
| **Citi/Sears** | $1,646.00 | |
| **Citi/Sears** | $0.00 | |
| **Citibank** | $2,855.00 | |
| **Citibank/Best Buy** | $5,737.00 | |
| **Citibank/The Home Depot** | $5,124.00 | |
| **Comenity Bank / The Limited** | $0.00 | |
| **Comenity Bank/Buckle** | $1,507.00 | |
| **Comenity Bank/Express** | $0.00 | |
| **Comenity Bank/Victoria Secret** | $1,026.00 | |
| **Conduent/Nelnet Nhlp-iii/tr** | $0.00 | |
| **Credit Collection Services** | $2,453.96 | |
| **Discover Financial** | $23,053.00 | |
| **Endurance Fcu Fka Hefc** | $40,965.00 | |
| **Enigma Properties c/o Daniel Peters** | $0.00 | |
| **First Data** | $0.00 | |
| **Gatestone** | $0.00 | |
| **Geico** | $0.00 | |
| **Gexa Energy** | $454.16 | |
| **La Capital Federal Cr** | $33,795.00 | |

Case No:    20-43914-mxm-13
Debtor(s):  **Carroll James LeBouef, III**
            **Challis Lee LeBouef**

| | |
|---|---|
| **Midland Credit Management** | **$0.00** |
| **Midlandstbk/greensky** | **$0.00** |
| **Nelnet** | **$2,218.00** |
| **Nelnet** | **$449.00** |
| **NTTA** | **$519.18** |
| **NTTA** | **$151.77** |
| **Simmons Bank** | **$17,721.00** |
| **Snap On Crdt** | **$0.00** |
| **Syncb/discount Tire** | **$0.00** |
| **Syncb/mohawk Color Ctr** | **$0.00** |
| **Syncb/Rooms To Go** | **$0.00** |
| **Synchrony Bank** | **$0.00** |
| **Synchrony Bank/ JC Penneys** | **$3,185.00** |
| **Synchrony Bank/Bass Pro** | **$0.00** |
| **Synchrony Bank/Care Credit** | **$0.00** |
| **Synchrony Bank/Chevron** | **$2,200.00** |
| **Synchrony Bank/Cost Plus World Market** | **$0.00** |
| **Synchrony Bank/Cost Plus World Market** | **$0.00** |
| **Synchrony Bank/Gap** | **$0.00** |
| **Synchrony Bank/Lowes** | **$358.00** |
| **Synchrony Bank/Sams** | **$0.00** |
| **Synchrony Bank/Sams** | **$0.00** |
| **Synchrony Bank/Sams Club** | **$9,416.00** |
| **Synchrony Bank/Sams Club** | **$0.00** |
| **Synchrony Bank/Sams Club** | **$0.00** |
| **Synerprise Consulting Services, Inc** | **$285.00** |
| **The Pritchard Law Firm** | **$0.00** |
| **United Collection Bureau** | **$0.00** |
| **US Anesthesia Partners** | **$0.00** |
| **Wells Fargo Bank NA** | **$3,659.00** |
| **Wells Fargo-pl&l** | **$605.00** |
| **Yourcommcu** | **$0.00** |
| TOTAL SCHEDULED UNSECURED: | **$354,459.58** |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**17%**_____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| **Enigma Properties LLC c/o Dan Peters** | **Assumed** | **$0.00** | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

**A.  SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount*.

Case No: 20-43914-mxm-13
Debtor(s): **Carroll James LeBouef, III**
**Challis Lee LeBouef**

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

### C. ATTORNEY FEES:

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the *Debtor's(s')* Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

### E.(1) SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

### E.(2) SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

**F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

**G.   DIRECT PAYMENTS BY DEBTOR(S):**

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

**H.   PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

**I.   CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J.   GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.   CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.   ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

Case No:   20-43914-mxm-13
Debtor(s):   **Carroll James LeBouef, III**
   **Challis Lee LeBouef**

### N.   POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

### O.   CLAIMS NOT FILED:

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

### P.   CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

### Q.   CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

### R.   BUSINESS CASE OPERATING REPORTS:

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

### S.   NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

### T.   DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

Case No: 20-43914-mxm-13
Debtor(s): **Carroll James LeBouef, III**
**Challis Lee LeBouef**

U. <u>ORDER OF PAYMENT:</u>

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

V. <u>POST-PETITION CLAIMS:</u>

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan.*

W. <u>TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:</u>

See the provisions of the General Order regarding this procedure.

Case No:   20-43914-mxm-13
Debtor(s):  **Carroll James LeBouef, III**
             **Challis Lee LeBouef**

### SECTION III
### NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan.* Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Marcus Leinart**
_____
Marcus Leinart, Debtor's(s') Attorney

_____
Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Marcus Leinart**
_____
Marcus Leinart, Debtor's(s') Counsel

**00794156**
_____
State Bar Number

Case No: 20-43914-mxm-13
Debtor(s): **Carroll James LeBouef, III**
            **Challis Lee LeBouef**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the   **28th day of January, 2021**  :

(List each party served, specifying the name and address of each party)

Dated:     **January 28, 2021**                               **/s/ Marcus Leinart**
                                                      Marcus Leinart, Debtor's(s') Counsel

| | | |
|---|---|---|
| 1st Natl B<br>x2151<br>3801 Fairway Blvd<br>Wichita Falls, TX 76310 | Amex<br>xxxxxxxxxxxx7913<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Carroll James LeBouef, III<br>2130 Shoreline Drive<br>Flower Mound, TX 75022 |
| Advancial<br>xxxxxx0001<br>1845 Woodall Rodgers Freeway<br>Suite 1300<br>Dallas, TX 75201 | ARSI<br>x5009<br>555 St. Charles Drive<br>Thousand Oaks, CA 91360 | Carter Federal Credit Union<br>xxxxxx9145<br>Attn: Bankruptcy<br>6885 Bert Kouns<br>Shreveport, LA 71129 |
| AFJ Systems Inc<br>xxx6099<br>PO Box 940694<br>Houston, TX 77094-0694 | AT&T Universal<br>xxxx-xxxx-xxxx-7759<br>PO Box 6284<br>Sioux Falls, SD 57117-6284 | Chase Auto Finance<br>xxxxxxxx0912<br>Attn: Bankruptcy<br>PO Box 901076<br>Fort Worth, TX 76101 |
| Amex<br>xxxxxxxxxxxx6463<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Bank of America<br>xxxxxxxxxxxx7219<br>Attn: Bankruptcy<br>PO Box 982234<br>El Paso, TX 79998 | Citi/cbna<br>xxxxxxxxxxxx3811<br>Citicorp Credit Services; Attn: Centrali<br>PO Box<br>Kansas City, MO 64195 |
| Amex<br>xxxxxxxxxxxx6583<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Bank of America<br>xxxxxxxxxx8957<br>Attn: Bankruptcy<br>NC4-105-03-14 PO Box 26012<br>Greensboro, NC 27420 | Citi/cbna<br>xxxxxxxxxxxx2013<br>Citicorp Credit Services; Attn: Centrali<br>PO Box<br>Kansas City, MO 64195 |
| Amex<br>xxxxxxxxxxxx5833<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Capital One Auto Finance<br>xxxxxxxxxxxx1001<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | Citi/Sears<br>xxxxxxxxxxxx6732<br>Citibank/Centralized Bankruptcy<br>PO Box 790034<br>St Louis, MO 63179 |

Case No:   20-43914-mxm-13
Debtor(s):  **Carroll James LeBouef, III**
            **Challis Lee LeBouef**

Citi/Sears
xxxxxxxxxxx7796
Citibank/Centralized Bankruptcy
PO Box 790034
St Louis, MO 63179

Conduent/Nelnet Nhlp-iii/tr
xxxxxx9861
9/1/19 Conduent ceased all student
loan
All loans moved to other servicers
Utica, NY 13504

Discover Financial
xxxxxxxxxxxx6382
Attn: Bankruptcy
PO Box 3025
New Albany, OH 43054

Citibank
xxxxxxxxxxxxx8371
Citicorp Credit Srvs/Centralized Bk
dept
PO Box 790034
St Louis, MO 63179

Credit Collection Services
xxxxxxx0655
725 Canton St.
Norwood, MA 02062

Endurance Fcu Fka Hefc
xxxxxxx0500
703 South 9th Street
Duncan, OK 73533

Citibank/Best Buy
xxxxxxxxxxxx5135
Citicorp Credit Srvs/Centralized Bk
dept
PO Box 790034
St Louis, MO 63179

Denton County Tax Assessor
xx3023
PO Box 90223
Denton, TX 76202

Enigma Properties c/o Daniel Peters
6440 N. Central Expwy Ste 618
Dallas, TX 75206

Citibank/The Home Depot
xxxxxxxxxxxxx8937
Citicorp Credit Srvs/Centralized Bk
dept
PO Box 790034
St Louis, MO 63179

Denton County Tax Assessor
xx5841
PO Box 90223
Denton, TX 76202

Enigma Properties c/o Daniel Peters
6440 N. Central Expwy, Ste 618
Dallas, TX 75206

Comenity Bank / The Limited
xxxxxxxxxxx2986
Attn: Bankruptcy
PO Box 182125Columbus
Columbus, OH 43218

Denton County Tax Assessor
xx5840
PO Box 90223
Denton, TX 76202

Enigma Properties LLC c/o Dan Peters
6440 N. Central Expwy Ste 618
Dallas, TX 75206

Comenity Bank/Buckle
xxxxxxxxxxxx9793
Attn: Bankruptcy
PO Box 182125Columbus
Columbus, OH 43218

Denton County Tax Assessor
xx3022
PO Box 90223
Denton, TX 76202

First Data
xxxxxxxx6000
5565 Glenridge Connector NE
Ste 2000
Atlanta, GA 30342

Comenity Bank/Express
xxxxxxxxxxx3895
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

Diamond Banc 2 LLC
x0674
1021 East Broadway Ste. A
Columbia, MO 65201

Gatestone
xx-xxxxx0024
1000 N. West Street Ste. 1200
Wilmington, DE 19801

Comenity Bank/Victoria Secret
xxxxxxxxxxx0533
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

Diamond Banc 2 LLC
x0974
1021 East Broadway Ste. A
Columbia, MO 65201

Geico
One Gercl Central
Macon, GA 31296

Case No:  20-43914-mxm-13
Debtor(s):  **Carroll James LeBouef, III**
**Challis Lee LeBouef**

Gexa Energy
Attn: Bankruptcy Dept.
20455 State Hwy 249 Ste 200
Houston, TX 77070

La Capital Federal Cr
xxxxx2501
660 Laurel St
Baton Rouge, LA 70821

Midland Credit Management
xxxx-xxxx-xxxx-7759
2365 Northside Drive Ste. 300
San Diego, CA 92108

Midlandstbk/greensky
xxxxxxxxxxxx1120
1797 Ne Expressway
Atlanta, GA 30329

Mobility Credit Union
xxxxxxxxx0001
Po Box 630428
Irving, TX 75063

Nelnet
xxxxx2069
Attn: Bankruptcy Claims
PO Box 82505
Lincoln, NE 68501

Nelnet
xxxxx1969
Attn: Bankruptcy Claims
PO Box 82505
Lincoln, NE 68501

NTTA
xxxxx4766
PO Box 660244
Dallas, TX 75266-0244

NTTA
xxxxx6385
PO Box 660244
Dallas, TX 75266-0244

Pam Bassel
7001 Blvd 26, Suite 150
North Richland Hills, TX 76180

Simmons Bank
xxxx8828
Attn: Bankruptcy
PO Box 7009
Pine Bluff, AR 71611

Snap On Crdt
xxxxx7649
950 Technology Way
Suite 301
Libertyville, IL 60048

Syncb/discount Tire
xxxxxxxx3871
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Syncb/mohawk Color Ctr
xxxxxxxx1706
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Syncb/Rooms To Go
xxxxxxxxxxxx9389
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank
xxxxxxxxxxxx1212
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/ JC Penneys
xxxxxxxxxxxx8557
Attn: Bankruptcy
PO Box 965064
Orlando, FL 32896

Synchrony Bank/Bass Pro
xxxxxxxxxxxx4922
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Care Credit
xxxxxxxxxxxx7292
Attn: Bankruptcy Dept
PO Box 965064
Orlando, FL 32896

Synchrony Bank/Chevron
xxxxxxxxxxxx7956
Attn: Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Cost Plus World
Market
xxxxxxxx0241
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Cost Plus World
Market
xxxxxxxx0278
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Gap
xxxxxxxx0396
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Lowes
xxxxxxxxxxxx3769
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Case No:   20-43914-mxm-13
Debtor(s):   **Carroll James LeBouef, III**
             **Challis Lee LeBouef**

Synchrony Bank/Sams
xxxxxxxxxxx1467
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

US Anesthesia Partners
PO Box 830913
Birmingham, AL 35283-0913

Synchrony Bank/Sams
xxxxxxxxxxxx4428
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Wells Fargo Bank NA
xxxxxxxxxxxx9630
MAC F8234F-02F
PO Box 10438
Des Moines, IA 50306

Synchrony Bank/Sams Club
xxxxxxxxxxxx1560
Attn:  Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Wells Fargo Home Mortgage
xxxxxxxxx7768
Attn: Written
Correspondence/Bankruptcy
MAC#2302-04E POB 10335
Des Moines, IA 50306

Synchrony Bank/Sams Club
xxxxxxxxxxxx0775
Attn:  Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Wells Fargo-pl&l
xxxxxx0102
MAX F8234F-02F
PO Box 10438
Des Moines, IA 50306

Synchrony Bank/Sams Club
xxxxxxxxxxxx3708
Attn:  Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

William Ochiltree
5023 SW 8th Court
Cape Coral, FL 33914

Synerprise Consulting Services, Inc
xxxx5998
Attn: Bankruptcy
5651 Broadmoor
Mission, KS 66202

Yourcommcu
xxxxxx2601
Po Box 630428
Irving, TX 75063

The Pritchard Law Firm
1244 Southridge Ct, #102 A
Hurst, TX 76053

United Collection Bureau
xxxx-xxxx-xxxx-6732
5260 South Wyck Blvd. Ste 206
Toledo, OH 43614-0190

**Leinart Law Firm**
10670 N Central Expwy
Suite 320
Dallas, TX 75231

Bar Number: **00794156**
Phone: **(469) 232-3328**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 10/1/2016

IN RE: **Carroll James LeBouef, III**   xxx-xx-5878 §   CASE NO: **20-43914-mxm-13**
2130 Shoreline Drive §
Flower Mound, TX 75022 §
§
§

**Challis Lee LeBouef**   xxx-xx-3862
2130 Shoreline Drive
Flower Mound, TX 75022

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS   DATED: 1/28/2021

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | **Variable Plan Payments. See Monthly Schedule below.*** | |
|---|---|---|
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $49.50 | See below* |
| Filing Fee | $0.00 | See below* |
| Noticing Fee | $88.20 | See below* |
| **Subtotal Expenses/Fees** | **$142.70** | **See below*** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$357.30** | **See below*** |

**CREDITORS SECURED BY VEHICLES (CAR CREDITORS):**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Mobility Credit Union | 2014 Land Rover Range Rover Sp | $14,602.00 | $14,602.00 | 1.25% | $182.53 |

Total Adequate Protection Payments for Creditors Secured by Vehicles: **$182.53**

**CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):**

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | 2130 Shoreline Drive Flower Moun | 3/1/21 | $100,859.11 | $260,711.00 | $1,437.16 |

Payments for Current Post-Petition Mortgage Payments (Conduit): **$1,437.16**

**CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|

Case No: 20-43914-mxm-13
Debtor(s): Carroll James LeBouef, III
Challis Lee LeBouef

| Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | $0.00 |
|---|---|

**TOTAL PRE-CONFIRMATION PAYMENTS**

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | $0.00 |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | $182.53 |
| Debtor's Attorney, per mo: | $174.77 |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | $0.00 |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | $1,437.16 |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | $182.53 |
| Debtor's Attorney, per mo: | See Monthly Schedule below* |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | $0.00 |

**\*Monthly Schedule**

| Month | Plan Payment | Account Balance Reserve | Trustee Percentage Fee | Filing Fees | Noticing Fees | Subtotal Expenses/ Fees | Available | Available for APD | Available for Attorney |
|---|---|---|---|---|---|---|---|---|---|
| 1 | $500.00 | $5.00 | $49.50 | $0.00 | $88.20 | $142.70 | $357.30 | $182.53 | $174.77 |
| 2 | $2,300.00 | | $230.00 | | | $230.00 | $2,070.00 | $1,619.69 | $450.31 |
| 3 | $4,225.00 | | $422.50 | | | $422.50 | $3,802.50 | $1,619.69 | $1,574.92 |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED: __1/28/2021__

**/s/ Marcus Leinart**
Attorney for Debtor(s)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: **Carroll James LeBouef, III**
**Challis Lee LeBouef**

CASE NO. **20-43914-mxm-13**

CHAPTER **13**

### Certificate of Service

I hereby certify that on this date, I did serve a true and correct copy of the foregoing to the following interested parties and those listed on the attached matrix by United States Mail, First Class:

Date: **1/28/2021**

**/s/ Marcus Leinart**
**Marcus Leinart**
Attorney for the Debtor(s)

| | | |
|---|---|---|
| 1st Natl B<br>3801 Fairway Blvd<br>Wichita Falls, TX 76310 | Bank of America<br>Attn: Bankruptcy<br>PO Box 982234<br>El Paso, TX 79998 | Chase Auto Finance<br>Attn: Bankruptcy<br>PO Box 901076<br>Fort Worth, TX 76101 |
| Advancial<br>1845 Woodall Rodgers Freeway<br>Suite 1300<br>Dallas, TX 75201 | Bank of America<br>Attn: Bankruptcy<br>NC4-105-03-14 PO Box 26012<br>Greensboro, NC 27420 | Citi/cbna<br>Citicorp Credit Services; Attn: Centrali<br>PO Box<br>Kansas City, MO 64195 |
| AFJ Systems Inc<br>PO Box 940694<br>Houston, TX 77094-0694 | Capital One Auto Finance<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | Citi/Sears<br>Citibank/Centralized Bankruptcy<br>PO Box 790034<br>St Louis, MO 63179 |
| Amex<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998 | Carroll James LeBouef, III<br>2130 Shoreline Drive<br>Flower Mound, TX 75022 | Citibank<br>Citicorp Credit Srvs/Centralized Bk dept<br>PO Box 790034<br>St Louis, MO 63179 |
| ARSI<br>555 St. Charles Drive<br>Thousand Oaks, CA 91360 | Carter Federal Credit Union<br>Attn: Bankruptcy<br>6885 Bert Kouns<br>Shreveport, LA 71129 | Citibank/Best Buy<br>Citicorp Credit Srvs/Centralized Bk dept<br>PO Box 790034<br>St Louis, MO 63179 |
| AT&T Universal<br>PO Box 6284<br>Sioux Falls, SD 57117-6284 | Challis Lee LeBouef<br>2130 Shoreline Drive<br>Flower Mound, TX 75022 | Citibank/The Home Depot<br>Citicorp Credit Srvs/Centralized Bk dept<br>PO Box 790034<br>St Louis, MO 63179 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: **Carroll James LeBouef, III**
**Challis Lee LeBouef**

CASE NO.    **20-43914-mxm-13**

CHAPTER    **13**

## Certificate of Service

(Continuation Sheet #1)

---

| | | |
|---|---|---|
| Comenity Bank / The Limited<br>Attn: Bankruptcy<br>PO Box 182125Columbus<br>Columbus, OH 43218 | Diamond Banc 2 LLC<br>1021 East Broadway Ste. A<br>Columbia, MO 65201 | Gatestone<br>1000 N. West Street Ste. 1200<br>Wilmington, DE 19801 |
| Comenity Bank/Buckle<br>Attn: Bankruptcy<br>PO Box 182125Columbus<br>Columbus, OH 43218 | Discover Financial<br>Attn: Bankruptcy<br>PO Box 3025<br>New Albany, OH 43054 | Geico<br>One Gercl Central<br>Macon, GA 31296 |
| Comenity Bank/Express<br>Attn: Bankruptcy<br>PO Box 182125<br>Columbus, OH 43218 | Endurance Fcu Fka Hefc<br>703 South 9th Street<br>Duncan, OK 73533 | Gexa Energy<br>Attn: Bankruptcy Dept.<br>20455 State Hwy 249 Ste 200<br>Houston, TX 77070 |
| Comenity Bank/Victoria Secret<br>Attn: Bankruptcy<br>PO Box 182125<br>Columbus, OH 43218 | Enigma Properties c/o Daniel Peters<br>6440 N. Central Expwy Ste 618<br>Dallas, TX 75206 | La Capital Federal Cr<br>660 Laurel St<br>Baton Rouge, LA 70821 |
| Conduent/Nelnet Nhlp-iii/tr<br>9/1/19 Conduent ceased all student loan<br>All loans moved to other servicers<br>Utica, NY 13504 | Enigma Properties c/o Daniel Peters<br>6440 N. Central Expwy, Ste 618<br>Dallas, TX 75206 | Leinart Law Firm<br>10670 N Central Expwy.<br>Suite 320<br>Dallas, TX 75231 |
| Credit Collection Services<br>725 Canton St.<br>Norwood, MA 02062 | Enigma Properties LLC c/o Dan Peters<br>6440 N. Central Expwy Ste 618<br>Dallas, TX 75206 | Midland Credit Management<br>2365 Northside Drive Ste. 300<br>San Diego, CA 92108 |
| Denton County Tax Assessor<br>PO Box 90223<br>Denton, TX 76202 | First Data<br>5565 Glenridge Connector NE<br>Ste 2000<br>Atlanta, GA 30342 | Midlandstbk/greensky<br>1797 Ne Expressway<br>Atlanta, GA 30329 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Carroll James LeBouef, III**
**Challis Lee LeBouef**

CASE NO. **20-43914-mxm-13**

CHAPTER **13**

## Certificate of Service

(Continuation Sheet #2)

---

Mobility Credit Union
Po Box 630428
Irving, TX 75063

Syncb/mohawk Color Ctr
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Cost Plus World
Market
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Nelnet
Attn: Bankruptcy Claims
PO Box 82505
Lincoln, NE 68501

Syncb/Rooms To Go
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Gap
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

NTTA
PO Box 660244
Dallas, TX 75266-0244

Synchrony Bank
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Lowes
Attn:  Bankruptcy
PO Box 965060
Orlando, FL 32896

Pam Bassel
7001 Blvd 26, Suite 150
North Richland Hills, TX 76180

Synchrony Bank/ JC Penneys
Attn: Bankruptcy
PO Box 965064
Orlando, FL 32896

Synchrony Bank/Sams
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Simmons Bank
Attn: Bankruptcy
PO Box 7009
Pine Bluff, AR 71611

Synchrony Bank/Bass Pro
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Sams Club
Attn:  Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

Snap On Crdt
950 Technology Way
Suite 301
Libertyville, IL 60048

Synchrony Bank/Care Credit
Attn:  Bankruptcy Dept
PO Box 965064
Orlando, FL 32896

Synerprise Consulting Services, Inc
Attn: Bankruptcy
5651 Broadmoor
Mission, KS 66202

Syncb/discount Tire
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896

Synchrony Bank/Chevron
Attn:  Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

The Pritchard Law Firm
1244 Southridge Ct, #102 A
Hurst, TX 76053

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: **Carroll James LeBouef, III**
**Challis Lee LeBouef**

CASE NO. **20-43914-mxm-13**

CHAPTER **13**

### Certificate of Service

(Continuation Sheet #3)

United Collection Bureau
5260 South Wyck Blvd. Ste 206
Toledo, OH 43614-0190

Yourcommcu
Po Box 630428
Irving, TX 75063

United States Trustee- Northern District
1100 Commerce St, Rm 976
Dallas, TX 75242

US Anesthesia Partners
PO Box 830913
Birmingham, AL 35283-0913

Wells Fargo Bank NA
MAC F8234F-02F
PO Box 10438
Des Moines, IA 50306

Wells Fargo Home Mortgage
Attn: Written
Correspondence/Bankruptcy
MAC#2302-04E POB 10335
Des Moines, IA 50306

Wells Fargo-pl&l
MAX F8234F-02F
PO Box 10438
Des Moines, IA 50306

William Ochiltree
5023 SW 8th Court
Cape Coral, FL 33914